## BALTRUSAITIS v COOK

Docket No. 97879. Submitted December 3, 1987, at Grand Rapids. Decided August 31, 1988. Leave to appeal denied, 432 Mich 875.

An accident involving automobiles driven by Julie Baltrusaitis and Richard Lieber resulted in their deaths. Janice Lieber, the widow of Richard Lieber, disclaimed her interest as primary beneficiary under an insurance policy on the life of her husband in favor of the contingent beneficiaries, her three minor children. Gus Baltrusaitis, as personal representative of Julie Baltrusaitis' estate, brought an action in Emmet Circuit Court against Norma Cook, the conservator of the Lieber children's estates. Plaintiff sought to have Janice Lieber's disclaimer set aside as a fraudulent conveyance. The trial court, Richard M. Pajtas, J., granted summary disposition in favor of defendant, ruling that there were no genuine issues of material fact and defendant was entitled to judgment as a matter of law. Plaintiff appealed.

The Court of Appeals *held:*

The disclaimer in this case is not within the coverage of the Uniform Fraudulent Conveyance Act.

1. Pursuant to MCL 500.4054(3); MSA 24.14054(3), a life insurance policy may provide, as the policy in this case does, that the proceeds thereunder shall not be subject to the claims of the beneficiary's creditors or to any legal process against the beneficiary.

2. The Uniform Fraudulent Conveyance Act, MCL 566.11 *et seq.*; MSA 26.881 *et seq.*, by its own terms, applies to conveyances of assets not exempt from liability for their owner's debts. The act does not apply in this case since the life insurance proceeds had been exempted from any claims by the beneficiary's creditors.

3. Finally, § 13 of the right of disclaimer act, MCL 554.513; MSA 26.1236(13), provides that property disclaimed in compliance with the requirements of the right of disclaimer act shall

REFERENCES

Am Jur 2d, Insurance §§ 789 *et seq.*

See the Index to Annotations under Assignments; Insurance and Insurance Companies; Life Insurance.

be distributed as if the disclaimant had died before the effective date of the disclaimer.

Affirmed.

INSURANCE — LIFE INSURANCE — BENEFICIARIES — RIGHT OF DISCLAIMER ACT — UNIFORM FRAUDULENT CONVEYANCE ACT.

A life insurance beneficiary's disclaimer of interest in the proceeds of a life insurance policy, which policy provides that proceeds thereunder are not subject to the claims of the beneficiary's creditors, made after the insured's death and in compliance with the requirements of the right of disclaimer act is beyond the scope of the Uniform Fraudulent Conveyance Act and thus may not be set aside as a fraudulent conveyance (MCL 500.4054[3], 554.501 *et seq.*, 566.11 *et seq.*; MSA 24.14054[3], 26.1236[1] *et seq.*, 28.881 *et seq.*).

*Varnum, Riddering, Schmidt & Howlett* (by *Peter A. Smit* and *Robert A. Hendricks*), for plaintiff.

*Barney, Hoffman & Gano* (by *William W. Hoffman*), and *Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *John P. Jacobs* and *Robert G. Kamenec*), of Counsel, for defendant.

Before: WEAVER, P.J., and WAHLS and M. J. SHAMO,* JJ.

PER CURIAM. Plaintiff appeals as of right from an Emmet Circuit Court order denying plaintiff's motion for summary disposition and granting defendant's motion for summary disposition regarding the disposition of life insurance proceeds. We affirm

On April 27, 1985, decedent, Julie Baltrusaitis, was killed in an automobile accident. The driver and sole occupant of the other vehicle, Richard Lieber, was also killed. Janice Lieber, Richard's wife, was the owner of the vehicle. Richard Lieber had a life insurance policy in which his wife was

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

named as primary beneficiary, and three minor children as contingent beneficiaries. Janice Lieber disclaimed her interest in the life insurance policy pursuant to the right of disclaimer act, MCL 554.501 *et seq.*; MSA 26.1236(1) *et seq.*, in favor of the three minor children on May 22, 1985.

On June 11, 1985, Gus Baltrusaitis, as personal representative of Julie Baltrusaitis' estate, filed a complaint against Norma Cook, as conservator of the Lieber children's assets, seeking to have the disclaimer of the insurance proceeds set aside as a fraudulent conveyance.

Plaintiff filed a motion for summary disposition pursuant to MCR 2.116(C)(9) and defendant filed an answer to plaintiff's motion and a countermotion for summary disposition pursuant to MCR 2.116(C)(7) on the ground of collateral estoppel. The Emmet Circuit Court denied plaintiff's motion and granted defendant's motion for summary disposition on the ground that there was no genuine issue of material fact and that defendant was entitled to judgment as a matter of law pursuant to MCR 2.116(C)(10).

We find that the lower court properly determined that the insurance proceeds were exempt from the claims of Janice Lieber's creditors and affirm the trial court's ruling.

It is undisputed that plaintiff would be a proper creditor under the Uniform Fraudulent Conveyance Act, MCL 566.11 *et seq.*; MSA 26.881 *et seq.*, or that Janice Lieber complied fully with the time and filing requirements of the right of disclaimer act. The issue is whether there was a fraudulent conveyance by Janice Lieber. Generally, when a statute is unambiguous, further construction should be avoided. *Nicholas v Michigan State Employees Retirement Bd,* 144 Mich App 70; 372 NW2d 685 (1985). In regards to life insurance

contracts, the general public policy is to protect the insurance taken out by a person for the maintenance and support of the person's spouse and children from the claims of creditors after the person's death. *Equitable Life Assurance Society of the United States v Hitchcock,* 270 Mich 72, 78; 258 NW 214 (1935). Evidence of the Legislature's intent as to this public policy can be found in MCL 500.2207(1); MSA 24.12207, which provides in relevant part:

> It shall be lawful for any husband to insure his life for the benefit of his wife, and for any father to insure his life for the benefit of his children, or of any one or more of them; and in case that any money shall become payable under the insurance, the same shall be payable to the person or persons for whose benefit the insurance was procured, his, her or their representatives or assigns, for his, her or their own use and benefit, free from all claims of the representatives of such husband or father, or of any of his creditors; and any married woman, either in her own name or in the name of any third person as her trustee, may cause to be insured the life of her husband, or of any other person, for any definite period, or for the term of life, and the moneys that may become payable on the contract of insurance, shall be payable to her, her representatives or assigns, free from the claims of the representatives of the husband, or of such other person insured, or of any of his creditors.

As to exempting a beneficiary's creditors from the proceeds of a life insurance policy, MCL 500.4054; MSA 24.14054 provides:

> (1) Any authorized life insurer shall have power to hold the proceeds of any life or endowment insurance or annuity contract issued by it (a) upon such terms and restrictions as to revocation by the

insured and control by beneficiaries; (b) with such exemptions from legal process and the claims of creditors of beneficiaries other than the insured; and (c) upon such other terms and conditions, irrespective of the time and manner of payment of said proceeds, as shall have been agreed to in writing by such insurer and the insured or beneficiary.

(2) Such insurer shall not be required to segregate funds so held but may hold them as part of its general corporate assets.

(3) Any life or endowment insurance or annuity contract issued by a domestic, foreign or alien insurer may provide that the proceeds thereunder shall not be subject to the claims of creditors of any beneficiary other than the insured or any legal process against any beneficiary other than the insured; and if the said contract so provides, the benefits accruing thereunder to such beneficiary other than the insured shall not be transferable nor subject to commutation or encumbrance, or to process.

In the instant case, the insurance policy stated that "so far as allowed by law and this policy no payment proceeds will be subject to claims of creditors nor legal process." It is clear that under the policy the proceeds should be protected from creditors pursuant to MCL 500.4054; MSA 24.14054, which allows life insurance policies to prevent proceeds from being claimed by a beneficiary's creditors. Thus, plaintiff was legally unable to reach the proceeds of the life insurance policy at issue before those proceeds were actually within Janice Lieber's possession. To hold otherwise would defeat the public policy in favor of life insurance for the protection of families.

However, plaintiff argues that Janice Lieber's disclaimer operated as a fraudulent conveyance under the Uniform Fraudulent Conveyance Act, the relevant definition provision of which provides:

In this act "assets" of a debtor means property not exempt from liability for his debts. To the extent that any property is liable for any debts of the debtor, such property shall be included in his assets. "Conveyance" includes every payment of money, assignment, release, transfer, lease, mortgage or pledge of tangible or intangible property, and also the creation of any lien or incumbrance. "Creditor" is a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent. "Debt" includes any legal liability, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent. [MCL 566.11; MSA 26.881.]

It appears that insurance proceeds would not be deemed "assets" within the meaning of the Uniform Fraudulent Conveyance Act because the proceeds were exempt from liability for Janice Lieber's debts prior to actual transfer. Further, the relevant operational provision of the Uniform Fraudulent Conveyance Act, MCL 566.221; MSA 26.971, provides:

Every conveyance or assignment, in writing or otherwise, of any estate or interest in lands, or in goods or things in action, or of any rents or profits issuing therefrom, and any charge upon lands, goods or things in action, or upon the rents or profits thereof, made with the intent to hinder, delay or defraud creditors or other persons of their lawful suits, damages, forfeitures, debts or demands, and every bond or other evidence of debt given, suit commenced, decree or judgment suffered, with the like intent, as against the persons so hindered, delayed or defrauded, shall be void.

In addition, the disclaimer statute provides in relevant part:

A person who is, or, in cases and matters pending on or filed after March 29, 1985, the personal

representatives of a person who is, a grantee, donee, person succeeding to a disclaimed interest, beneficiary under a nontestamentary instrument, or a person designated to take pursuant to a power of appointment exercised by a nontestamentary instrument may disclaim in whole or in part the succession to any real or personal property or interest in real or personal property by delivering or filing a written disclaimer within the time and at the place provided in this act. The disclaimer shall describe the property or part of or interest in the property disclaimed, shall be signed and acknowledged by the disclaimant in the manner provided for the execution of deeds of real estate, and shall declare the disclaimer and the extent of the disclaimer. [MCL 554.511; MSA 26.1236(11).]

Further, MCL 554.513; MSA 26.1236(13) provides:

Unless otherwise provided in the nontestamentary instrument, the property or part thereof or interest therein disclaimed, and any future interest which is to take effect in possession or enjoyment at or after the termination of the interest disclaimed, shall be distributed as if the disclaimant had died before the effective date of the nontestamentary instrument, and the disclaimer shall relate back for all purposes to that date. A person who has a present and a future interest in property and disclaims his present interest in whole or in part, shall be deemed to have disclaimed his future interest to the same extent.

Thus, Janice Lieber's disclaimer related back in time to before the effective date of the insurance contract. As of that time, Janice Lieber did not have a property interest in any life insurance proceeds. Thus, as noted by defendant, Janice Lieber's disclaimer was not a "conveyance" of tangible or intangible property as required in MCL

566.11; MSA 26.881. That being the case, the disclaimer fell outside of the coverage of the Uniform Fraudulent Conveyance Act.

The lower court properly determined that the disclaimer of life insurance proceeds at issue did not constitute a fraudulent conveyance under the Uniform Fraudulent Conveyance Act.

Affirmed.